**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4048**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

REGINALD REID, a/k/a Reginald Raquan Reid,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.  (3:10-cr-00106-CMC-1)

Submitted:  December 9, 2011      Decided:  January 9, 2012

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. Anne Hunter Young, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Reginald Reid of two counts of falsely representing a social security number to be his to obtain something of value, in violation of 42 U.S.C.A. § 408(a)(7)(B) (West 2006 & Supp. 2011). The district court sentenced Reid to a total of twenty-four months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying Reid's motion for a judgment of acquittal and in calculating the advisory Guidelines range. Reid has also filed pro se supplemental briefs raising additional issues.[*] Finding no error, we affirm.

Counsel first questions whether the district court erred in denying Reid's motion for a judgment of acquittal. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the

---

[*] We have considered the issues raised in Reid's pro se briefs and conclude that they lack merit.

2

evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

To convict Reid of the offenses, the Government had to prove that Reid "(1) falsely represented a number to be [his] social security number (2) with the intent to deceive another person (3) for the purpose of obtaining something of value." United States v. Sparks, 67 F.3d 1145, 1152 (4th Cir. 1995) (citation omitted). We have thoroughly reviewed the record and conclude that the Government provided substantial evidence of Reid's guilt of the offenses and the district court did not therefore err in denying Reid's motion for a judgment of acquittal.

Counsel next questions whether the district court erred in calculating the criminal history category applicable to Reid under the advisory Guidelines. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United

3

States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Finally, we then "consider the substantive reasonableness of the sentence imposed." Id. We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

Moreover, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks, alteration, and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted). We conclude that the district court properly calculated the advisory Guidelines range.

Moreover, the court considered the advisory Guidelines range, the § 3553(a) factors, the parties' arguments, and adequately explained the chosen sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the guidelines range).

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Reid, in writing, of the right to petition the Supreme Court of the United States for further review. If Reid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reid. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5